IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MAURICE EDWARD JACKSON,

              Petitioner,

v.                                // CIVIL ACTION NO. 1:13CV256
                                     (Judge Keeley)


TERRY O'BRIEN,

              Respondent.

## ORDER ADOPTING THE REPORT AND RECOMMENDATION [DKT. NO. 16]

Pending before the Court is (1) the "Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241" filed by the petitioner, Maurice Edward Jackson ("Jackson"); (2) the Report and Recommendation ("R&R") entered by the Honorable James E. Seibert, United States Magistrate Judge, recommending that the petition be dismissed with prejudice; and (3) Jackson's motion (in letter form) seeking the amendment of his presentence investigation report. For the following reasons, the Court **ADOPTS** the R&R, **DISMISSES** the petition **WITH PREJUDICE,** and **DENIES AS MOOT** the defendant's motion.

## PROCEDURAL BACKGROUND

On July 18, 1994, a jury sitting in the United States District Court for the Western District of Virginia convicted Jackson of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846. At his sentencing hearing on October 28, 1994, the district court determined that Jackson was a career offender under the United States Sentencing Guidelines §

<u>ORDER ADOPTING THE REPORT AND RECOMMENDATION</u>

4B1.1 (1994), and sentenced him to 360 months of incarceration. Jackson's presentence investigation report identified three prior convictions for prison breach, assault with a dangerous weapon, and attempted robbery.[1]   On appeal, the Fourth Circuit affirmed Jackson's conviction, <u>see</u> <u>United States v. Stevenson</u>, 76 F.3d 376 (4th Cir. 1996) (per curiam) (unpublished table decision), following which the Supreme Court of the United States denied his petition for a writ of certiorari. <u>See</u> <u>Jackson v. United States</u>, 517 U.S. 1229 (1996).

Since then, Jackson has filed numerous motions in the Western District of Virginia seeking to vacate his sentence. In each he has argued that he lacks the predicate offenses required for career offender status. The sentencing court has denied all of his motions. Most recently, on November 26, 2012, Jackson filed a motion construed by the district court in Virginia as a § 2255 motion to vacate. Because that motion raised no new allegations or arguments, the court denied the motion as successive, and also denied Jackson a certificate of appealability. <u>United States v. Davis</u>, No. 5:93CR30025 (W.D. Va. Nov. 30, 2012) (final order denying motion to vacate).  The Fourth Circuit later dismissed

---

[1] The record does not indicate the two offenses on which the sentencing court relied in applying the career offender enhancement.

ORDER ADOPTING THE REPORT AND RECOMMENDATION

Jackson's subsequent appeal.  United States v. Jackson, 521 F. App'x 167 (4th Cir. 2013) (per curiam).

After being transferred to USP Hazelton by the Bureau of Prisons ("BOP"), Jackson filed a petition in this Court on November 21, 2013, pursuant to 28 U.S.C. § 2241, seeking to vacate his sentence. Jackson also seeks an order that he be re-sentenced without the § 4B1.1 career offender enhancement. As he has in his previous motions, Jackson contends that he lacks the predicate offenses for career offender status and is "actually innocent" of his 360 month sentence.

Pursuant to 28 U.S.C. § 1915 and LR PL 2, Magistrate Judge Seibert entered an R&R, in which he recommended that Jackson's petition be dismissed with prejudice.  In so doing, he observed that Jackson's challenge must be brought pursuant to § 2255 rather than § 2241, and that Jackson did not otherwise qualify under the savings clause.

Jackson's objections to the R&R reiterate his contention that he lacks the predicate offenses for application of the career offender enhancement.  After conducting a de novo review, for the reasons that follow, the Court adopts Magistrate Judge Seibert's R&R.

## ORDER ADOPTING THE REPORT AND RECOMMENDATION

### LEGAL STANDARD

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636; Farmer v. McBride, 177 F. App'x 327, 330-31 (4th Cir. 2006) (per curiam) ("The district court is only required to review de novo those portions of the report to which specific objections have been made . . . ."). "As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are 'clearly erroneous.'" Clark v. United States, No. 5:05CV147, 2008 WL 2704514, at *3 (N.D.W. Va. July 3, 2008). Finally, "[t]he district judge may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3). The Court will consider the fact that the petitioner is acting pro se, and his pleadings will be construed liberally. Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978).

### ANALYSIS

Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences, unless the petitioner can show that the remedy is "inadequate or ineffective." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc) (holding that "[t]hose convicted in federal

court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to [§ 2255]"). Only when § 2255 is "inadequate or ineffective to test the legality of detention" may a federal prisoner pursue relief under § 2241. See 28 U.S.C. § 2255(e); In re Jones, 226 F.3d at 332; and In re Vial, 115 F.3d at 1194.

The three-prong test established by the Fourth Circuit for determining whether § 2255 is inadequate or ineffective asks whether:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[2]

In re Jones, 226 F.3d at 333-34 (emphasis added). Importantly, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is

---

[2] The gate-keeping provision of § 2255 provides that a second or successive motion is proper if the claim raised presents "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." See 28 U.S.C. § 2255(h)(2).

procedurally barred from filing a § 2255 motion." <u>In re Vial</u>, 115 F.3d at 1194 n.5.

In his petition, Jackson argues that, in light of <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), he is "actually innocent," and that his remedy by way of § 2255 is inadequate or ineffective to test the legality of his detention because the Simmon's decision was not made retroactive until August 28, 2013 (Dkt. no. 1 at 5, 9). Jackson asserts that the district court erroneously designated him as a career offender by using his prior state conviction for "prison breach" as a qualifying predicate offense (Dkt. no. 1-1). Jackson argues that because "prison breach" is not a violent offense he is "actually innocent" of his 360-month sentence, and thus his designation as a career offender is a "miscarriage of justice" (Dkt. no. 22 at 1). Jackson did not attach any documents to show what offenses the court used in designating him as a career offender, and a review of the sentencing

transcript[3], past appeals[4], and pre-sentence report[5] only provides that "the defendant [had] been convicted of at least two prior felony convictions" of crimes of violence. Reviewing the pre-sentence report establishes that Jackson had three felony convictions at the time of the underlying offense of conviction: (1) prison breach in 1986; (2) assault with a dangerous weapon in 1993; and, (3) attempted robbery in 1991.

In this case, because Jackson challenges his sentencing enhancement, rather than the execution of his sentence, he is seeking a remedy that is cognizable under § 2255. Jackson has failed to establish that § 2255 is inadequate or ineffective to test the legality of his detention because he cannot satisfy the second prong of Jones. Jackson was convicted of violating 21 U.S.C. § 846, conspiracy to possess with intent to distribute crack cocaine, which has not ceased to be a crime since his conviction or

---

[3] United States v. Davis, No. 5:93CR30025, Dkt. No. 111 (W.D. Va. 1994).

[4] "The defendant's criminal history as detailed in the Presentence Investigation Report submitted to this court prior to the defendant's original sentencing indicates that the defendant is a career offender as defined in USSG § 4B1.1." United States v. Jackson, No. 5:93CR30025, 2008 WL 892688 at *1 (W.D. Va. Mar. 28, 2008) (denying defendant's motion to reduce sentence).

[5] United States v. Davis, No. 5:93CR30025, Dkt. No. 115 (W.D. Va. 1995).

appeal. Thus, he has not demonstrated that § 2255 is inadequate or ineffective to test the legality of his detention, and therefore, in this Court's view, may not pursue relief under § 2241 through the savings clause.

Still, Jackson relies upon United States v. Simmons, 649 F.3d 237 (4th Cir. 2011); and Miller v. United States, 735 F.3d 141 (4th Cir. 2013).  In Simmons, the Fourth Circuit addressed whether a petitioner's prior state conviction constituted a "felony drug offense" within the meaning of the Controlled Substances Act ("CSA"), which provides a sentencing enhancement if the offense conduct occurred "after a prior conviction for a felony drug offense has become final."  21 U.S.C. § 841(b)(1)(B); Simmons, 649 F.3d at 238. Under the CSA, a "felony drug offense" is defined as a drug-related "offense that is punishable by imprisonment for more than one year under any law . . . of a State." See 21 U.S.C. § 802 (44). Simmons held that a prior North Carolina conviction was punishable by imprisonment exceeding one year only if the individual defendant's crime of conviction was punishable under North Carolina law by over one year in prison.  Id.  Miller held that Simmons applies retroactively to cases in which a petitioner collaterally attacks his or her sentence by alleging actual innocence of the underlying conviction of being a felon in

possession of firearm, in violation of 18 U.S.C. § 922(g). Miller, 735 F.3d at 146.

Recently, in United States v. Newbold, __ F.3d __, No. 10-6929, 2015 WL 3960906 (4th Cir. June 30, 2015), the Fourth Circuit held that, pursuant to Miller, a petitioner could challenge a Simmons error resulting in erroneous designation as an armed career criminal on collateral review.  The decision was based on the fact that the sentence the petitioner had received was "an illegal one" inasmuch as he "received a punishment that the law cannot impose on him." Newbold, 2015 WL 3960906 at *4.

Here, Jackson does not allege that he is actually innocent of the predicate offense, but rather that the sentencing enhancement does not apply.  Accordingly, the procedural flaw inherent in his § 2241 petition is not remedied by Simmons, Miller, and Newbold.

Finally, Jackson appears to rely on a footnote from the Fourth Circuit's decision in Whiteside v. United States, 748 F.3d 541 n.4 (4th Cir. 2014), in which the court "expressly [did] not decide whether the savings clause in § 2255(e) might justify relief from a Simmons sentencing error through the filing of a § 2241 petition."  Besides the fact that Whiteside was later vacated on other grounds, see Whiteside v. United States, 775 F.3d 180 (4th

ORDER ADOPTING THE REPORT AND RECOMMENDATION

Cir. 2014) (en banc),[6] district courts have continued to hold that "reliance on § 2255(e)'s savings clause is misdirected" when used to "challeng[e] the classification of a prior conviction that was used to determine [the] instant sentence." Teaster v. Ziegler, No. 5:14CV21218, 2015 WL 2145222, at *5 (S.D.W. Va. May 7, 2015); see also, e.g., Pimental v. O'Brien, No. 5:14CV75, 2014 WL 4082425, at *2 (N.D.W. Va. Aug. 19, 2014) ("[T]his Court also agrees with the magistrate judge's finding that Whiteside v. United States, 2014 WL 1364019 (4th Cir. Apr. 8, 2014), is not applicable as it did not address the savings clause.").[7]

**CONCLUSION**

---

[6] On rehearing, the court did not reach the question of whether a sentencing error would be cognizable under § 2255 or § 2241, and instead affirmed the district court's dismissal of the petition as untimely. See Whiteside, 775 F.3d at 187.

[7] A review of the available sentencing documents does not reveal whether Jackson's sentence enhancement was founded on the residual clause of U.S.S.G. § 4B1.2(a)(2). Notably, the Supreme Court recently held that an identical residual clause in the Armed Career Criminal Act is unconstitutionally vague. See Johnson v. United States, __ S. Ct. __, No. 13-7120, 2015 WL 2473450, at *11 (June 26, 2015). Because the Fourth Circuit "rel[ies] on precedents evaluating whether an offense constitutes a 'crime of violence' under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a 'violent felony' under the [ACCA]," United States v. Montes-Flores, 736 F.3d 357, 363 (4th Cir. 2013) (citation omitted), Johnson might apply if that decision is made retroactive. Whether Jackson would be able to obtain relief, however, depends on the willingness of "a panel of the appropriate court of appeals" to certify a successive § 2255(a) motion under 28 U.S.C. § 2244. See 28 U.S.C. § 2255(h)(2).

**ORDER ADOPTING THE REPORT AND RECOMMENDATION**

Because Jackson argues that he is innocent of a sentencing factor, his challenge is not cognizable under § 2241. Furthermore, because the conduct of which he was convicted has not ceased to be criminal, he cannot rely on the savings clause of § 2255. Thus, Jackson's claim cannot be brought under § 2241. The Court therefore **ADOPTS** the R&R, **DISMISSES** the petition **WITH PREJUDICE**, and **DENIES AS MOOT** the motion seeking to amend the presentence report.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record and to the <u>pro se</u> petitioner, return receipt requested, and to enter a separate judgment order.

DATED: July 17, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE